VALL-SPINOSA, DEMANDANTE Y APELANTE, *v.* NITRATE AGENCIES
CO., DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Distrito Primero, en pleito sobre cobro de comisiones
(memorándum de costas).

No. 3059.—Resuelto en enero 28, 1924.

COSTAS—HONORARIOS DE ABOGADO—DISCRECIÓN JUDICIAL.—Aún cuando la impugnación al memorándum de costas haya sido eliminada por extemporánea, el juez inferior puede reducir el importe de los honorarios de abogado incluídos en el mismo.

ID.—ID.—ID.—En ausencia de una clara demostración de abuso de discreción, el Tribunal Supremo no elevará la cuantía de honorarios de abogado fijada por la corte inferior.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Juan de Guzmán Benítez.*

Abogado de la apelada: *Sr. H. F. Besosa.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Dictada sentencia en este caso condenando a la demandada a pagar al demandante la suma de $1,624, intereses y costas, apeló la demandada y el Supremo modificó la sentencia condenándola al pago de $1,124, intereses y costas, y así modificada, la confirmó. Devuelto el pleito a la corte de distrito, la parte victoriosa archivó su memorándum de costas incluyendo en el mismo una partida de $500 por honorarios de abogado. Impugnó la demandada el memorándum, pero su impugnación fué archivada fuera de término. La demandante pidió que se eliminara y finalmente la corte dictó la siguiente resolución:

"La corte declaró con lugar la moción del demandante sobre impugnación al memorándum de costas por haberse radicado fuera de término y teniendo en cuenta la modificación de la sentencia por la corte superior y la facultad de la corte para apreciar el memorándum de costas, aprueba éste rebajando a $250.00 la partida de honorarios de abogado."

Contra esa resolución de la corte interpuso el deman-

dante el presente recurso de apelación, señalando en su alegato la comisión de tres errores, a saber:

"I.—La corte erró al considerarse en este caso con facultades para rebajar el memorándum de costas; a pesar de reconocer que la impugnación fué radicada fuera de término.

"II.—La corte erró al rebajar la partida de honorarios basándose exclusivamente en el hecho de haber rebajado el Tribunal Supremo la cuantía de la sentencia en quinientos dólares.

"III.—La corte erró al no declarar que el trabajo de autos y la temeridad de la demandada justificaban la partida de quinientos dollars del abogado; o cuando menos fué excesiva en la rebaja."

Aceptando que eliminada la impugnación, a los efectos de la decisión de este caso el juez de distrito deba entenderse colocado en la misma posición que lo estaría si la parte perjudicada voluntariamente hubiera dejado de comparecer, aún así, creemos que la corte tenía facultades para reducir los honorarios.

De acuerdo con la ley y la jurisprudencia, la concesión de honorarios y la fijación de su cuantía, en esta Isla, descansan enteramente en la sana discreción de la corte. Véase *Fragoso* v. *Marxuach,* decidido el 25 de enero de 1924 (pág. 960.) Lo lógico es que la parte perjudicada se queje y alegue y demuestre las circunstancias que puedan favorecerle, pero aunque dicha parte nada gestione, la corte puede actuar en la forma que estime en justicia procedente. El asunto está enteramente bajo su control.

Resuelto el primer error estudiaremos y resolveremos conjuntamente el segundo y el tercero.

La circunstancia de haber rebajado el Supremo la cuantía de la sentencia, era claramente propia para ser considerada por la corte de distrito, pero aunque así no lo fuera, como el verdadero fundamento que la corte sentenciadora tuvo para actuar en la forma en que lo hizo fué el libre ejercicio de su facultad para juzgar el caso por sus propios

méritos, tales como resultaban de los autos mismos, tendría que demostrarse que había abusado de su discreción y, después de un estudio cuidadoso, no nos sentimos inclinados a decidirlo así:

Examinadas las decisiones de esta corte, se verá que la tendencia de ellas ha sido rebajar la cuantía fijada por las cortes de distrito. Tendría que ser un caso muy meritorio aquel en que esta corte alterara el juicio de la corte sentenciadora elevando la cuantía.

Debe confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.